[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-14032-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO WYNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On September 19, 2000, a jury found Alphonso Wynn guilty on three counts of possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1). After a sentencing hearing, Wynn was sentenced to 170 months' imprisonment, which was in the middle of his Guidelines range of 151 to 188 months. A panel of this Court affirmed his conviction.

On March 3, 2008, Wynn filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing he was eligible for relief under Amendment 706 to the Sentencing Guidelines. In his motion, Wynn requested a new sentencing hearing and for the district court to consider the 18 U.S.C. § 3553(a) factors, his post-conviction rehabilitation, and his wife's health problems. Without holding a new sentencing hearing, the district court granted the motion and reduced Wynn's sentence to 136 months' imprisonment, which is in the middle of his amended Guidelines range of 121 to 151 months. Wynn's subsequent motion for reconsideration, requesting a further reduction of his sentence, was denied.

Wynn, appearing *pro se*, appeals the denial of his motion for reconsideration and argues the district court erred by (1) denying his request for a sentence below the amended Guidelines range, and (2) denying his request for a lower sentence within the amended Guidelines range. We address these issues in turn.

I.

We review *de novo* the district court's determination of the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). This Court recently addressed whether *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), prohibits Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009). Concluding *Booker* does not apply to § 3582(c)(2) proceedings, we held a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.* at 1193-94.

Section 1B1.10 of the Sentencing Guidelines and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range. U.S.S.G. § 1B1.10(b)(2)(A)-(B) & cmt. n.3. Wynn's original sentence was 170 months' imprisonment, which was within his Guidelines range, so the district court was not permitted under § 1B1.10 to sentence Wynn to a term below the amended Guidelines range. Based upon our holding in *Melvin*, Wynn's argument

that the district court erred by denying his request for a sentence below the amended Guidelines range is without merit.

II.

We next address Wynn's contention that the district erred by not reducing his sentence to a lower term within the amended Guidelines range. A district court's resolution of a motion under 18 U.S.C. § 3582(c)(2), based on a subsequent change in the Sentencing Guidelines, is reviewed for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). We have instructed the district court to engage in a two-part analysis when determining whether to reduce a defendant's sentence under § 3582(c)(2). *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the sentence under the amended Guidelines. *Id.* It is apparent from the resentencing order, issued on the AO-247 form entitled "Order Regarding Motion for Sentence Reduction," the district court calculated Wynn's amended Guidelines range.

Second, the district court must decide, in its discretion, if it will impose a new sentence or retain the original sentence. *Id.* at 781. While a district court must consider the § 3553(a) factors in making this determination, it "commits no reversible error by failing to articulate specifically the applicability—if any—of each of the . . . factors, as long as the record demonstrates that the pertinent factors

4

were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). In *United States v. Williams*, 557 F.3d 1254 (11th Cir. 2009), we vacated a sentence reduction and remanded to the district court after determining there was nothing in the record to show the court had considered the § 3553(a) factors. *Id.* at 1257.

All we have before us is the AO-247 form showing the amended Guidelines range and granting Wynn's request for a sentence reduction. In addition, just as in *Williams*, there is no sentencing transcript for us to review on appeal. We are not suggesting the district judge was required to hold a new sentencing hearing, but it is not apparent from the record that he considered the § 3553(a) factors when deciding to reduce Wynn's sentence to the middle of the amended Guidelines range. Without such information, we lack a meaningful basis from which we can determine whether the district court abused its discretion in deciding how much to reduce Wynn's sentence. Accordingly, we vacate the district court's order and remand for further consideration and explanation.

**VACATED and REMANDED.**